RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAY 1 3 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

ROBERT L. SMALL,

                Plaintiff,

    v.

CHARLES WARREN, et al.,

                Defendants.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 15-8886 (AET)

**OPINION**

APPEARANCES:

Robert L. Small, Plaintiff Pro Se
526636B/599249
2C Wing #24
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625

**THOMPSON, District Judge:**

## I.    INTRODUCTION

Before the Court is Plaintiff Robert Small's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. §§ 1983. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915, 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against former NJSP Administrator Charles Warren, Assistant Administrator Antonio Campos, Lieutenant Ganesh, Sgt. Sexton, Officer William Hayes, and Officer John Doe[1] for their alleged deliberate indifference to medical needs, denial of due process, unconstitutional conditions of confinement, and discrimination on the basis of Plaintiff's disability. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff is a convicted and sentenced state prisoner currently confined at New Jersey State Prison ("NJSP"), Trenton, New Jersey. He is paralyzed from the waist down and requires the use of a wheelchair. Complaint ¶ 7. He also uses diapers as he lacks control over his lower extremities. *Id.* ¶ 8. A designated biohazard waste bin is located near his cell for him to dispose of used diapers. ¶ 9. Plaintiff alerts the guards when he needs to dispose of the waste, and they open his cell to permit him to access the bin. *Id.* ¶ 10. According to the Complaint, however, officers have at times refused to permit Plaintiff to dispose of

---

[1] Plaintiff refers to this defendant as Non-Regular Officer #1.

2

the used diapers in the bin. As a result, used diapers began accumulating in Plaintiff's cell. *Id.* ¶¶ 12-13.

On December 22, 2013, Plaintiff attempted to alert the officers that he needed to dispose of the waste in the bin. *Id.* ¶ 14. When no one answered his shouting, he used his hair brush to bang on the cell door. *Id.* ¶ 15. Officers Hayes and Doe ignored Plaintiff's request for assistance. *Id.* Sgt. Sexton later arrived and ordered Officer Hayes to confiscate Plaintiff's wheelchair and shower chair. *Id.* ¶ 16. Plaintiff was left in his cell without a wheelchair for two days, during which time he was forced to crawl on the floor and could not brush his teeth, wash his face, or perform other "life necessities." *Id.* ¶17. As his shower chair had been confiscated, he was unable to clean himself after changing his diaper. *Id.* ¶ 18. Two other officers informed Plaintiff that Lt. Ganesh would not permit him to have his wheelchair back. *Id.* ¶ 19. Plaintiff further alleges Lt. Ganesh ordered Sgt. Sexton to seize him wheelchair. *Id.* ¶ 3.

Plaintiff submitted a grievance on December 22, 2013, however he did not receive a response. *Id.* ¶ 20. After he submitted a follow-up grievance, Assistant Administrator Campos responded without addressing Plaintiff's complaint. *Id.* ¶ 21. This complaint was filed on December 17, 2015.

Plaintiff seeks relief in the form of $30,000 in compensatory damages, $60,000 in punitive damages, an order

prohibiting retaliation, and attorneys fees and costs. *Id.* at 14.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915, 1915A because Plaintiff is a prisoner seeking relief from a governmental employee or entity and is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte*

4

screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. §
1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a
plaintiff must allege, first, the violation of a right secured
by the Constitution or laws of the United States and, second,
that the alleged deprivation was committed or caused by a person
acting under color of state law. *See West v. Atkins*, 487 U.S.
42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.
2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

## IV. ANALYSIS

## A. Eleventh Amendment

To the extent Plaintiff seeks relief against Defendants in
their official capacities, the complaint must be dismissed as
they are immune from suit under the Eleventh Amendment. The
Eleventh Amendment to the United States Constitution provides:
"The Judicial power of the United States shall not be construed

to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930-31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The *Will* Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71; *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-64 (D.N.J. 2012).

As Defendants are state officials, the complaint must be dismissed against them in their official capacities because it cannot proceed in federal court. This Court must still assess Defendants' individual liability, however.

## B. Denial of Adequate Medical Care

Plaintiff alleges Defendants violated his Eighth Amendment right to adequate medical care. In order to set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr.*

*Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, this Court finds for screening purposes only that he has sufficiently alleged a claim against Lt. Ganesh, Sgt. Sexton, Officer Hayes, and Officer Doe for the confiscation of his wheelchair.

Plaintiff does not state a valid claim against defendants Warren and Campos because he does not allege they were personally involved in the confiscation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (internal citation and quotation marks omitted)). The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in

charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

This Court cannot plausibly find liability under either theory as Plaintiff has not set forth any facts indicating Warren and Campos either established a policy that resulted in the alleged constitutional violations, or that they were aware of and condoned the staff's actions before the seizure of the wheelchair occurred. The fact that Mr. Campos received Plaintiff's grievances after the seizure of the wheelchair does not indicate he had prior knowledge of the staff's actions. *See Stuart v. Lisiak*, _____ F. App'x ___, ____, 2016 WL 1212435, at *3 (3d Cir. Mar. 29, 2016) ("'If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.'" (quoting *Rogers v. United States*, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010)). The deliberate indifference claim shall proceed against Lt. Ganesh, Sgt. Sexton, Officer Hayes, and Officer Doe. The claim is dismissed as to defendants Warren and Campos.

## C. Conditions of Confinement

Plaintiff further alleges he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment.

It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Gause v. Diguglielmo*, 339 F. App'x 132, 134 (3d Cir. 2009). "Conditions of confinement are unconstitutional where a prisoner is denied the 'minimal civilized measure of life's necessities' through prison officials' deliberate indifference to a condition posing a substantial risk of serious harm. Only 'extreme deprivations' meet this standard." *Freeman v. Miller*, 615 F. App'x 72, 77-78 (3d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) ("[A]n inmate must show that the deprivation was 'sufficiently serious' so that it reached the level of an Eighth Amendment violation.").

Plaintiff alleges he was denied the ability to clean himself, brush his teeth, and otherwise maintain his hygiene, and was forced to crawl on the cell floor as the result of his wheelchair and shower chair being taken away. Complaint ¶¶ 16-

18. The Court therefore finds for screening purposes that Plaintiff has sufficiently alleged a conditions of confinement claim against Lt. Ganesh, Sgt. Sexton, Officer Hayes, and Officer Doe. He has not stated a claim against defendants Warren and Campos as he has not sufficiently alleged their personal involvement. The conditions of confinement claim shall therefore only proceed against Lt. Ganesh, Sgt. Sexton, Officer Hayes, and Officer Doe.

## D. Disability Discrimination

Plaintiff further alleges Defendants violated his Fourteenth Amendment right to Equal Protection by confiscating his wheelchair, which Plaintiff alleges was an act of discrimination based on his disability.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To bring a successful claim pursuant to § 1983 for a denial of equal protection, Plaintiff must plead sufficient facts to indicate the existence of purposeful discrimination and that he was treated differently than others similarly situated to him. *Chambers ex rel. Chambers v. Sch.*

11

*Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009).
As the disabled are not a suspect class for purposes of an equal
protection challenge, *City of Cleburne*, 473 U.S. at 439, there
must be "no rational relationship between the disparity of
treatment and some legitimate governmental purpose" for such a
claim to rise to the level of an equal protection violation. *Bd.
of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 377
(2001).

Plaintiff has not alleged sufficient facts for this Court
to reasonably infer there was purposeful discrimination.
Plaintiff does not allege other non-disabled, but otherwise
similarly-situated, inmates were treated differently. Nor has he
alleged there was no rational basis for the officers' actions.
*Cf. Cypher v. Cal. Univ. of Pa.*, 914 F. Supp. 2d 666, 666-68
(W.D. Pa. 2012). This claim shall be dismissed without
prejudice, and Plaintiff may move to amend his complaint if he
is able to allege facts to correct these deficiencies.

**E. Failure to Intervene**

Plaintiff further alleges Defendants failed to protect him
from violations of his constitutional rights. The Court infers
from the facts alleged in the complaint that Plaintiff is basing
his claim on the failure of defendants to intervene in the
seizure of the wheelchair. The Court will therefore refer to

12

this claim as a failure to intervene claim rather than a failure
to protect claim.

"The restriction on cruel and unusual punishment contained
in the Eighth Amendment reaches non-intervention just as
readily" as it does affirmative misconduct. *Smith v. Mensinger*,
293 F.3d 641, 651 (3d Cir. 2002). Officers have a duty to take
reasonable steps to protect a prisoner from constitutional
violations by another officer, including supervisors. *Id.* at
650. "However, an officer is only liable if there is a realistic
and reasonable opportunity to intervene." *Id.* at 651.

Based on the facts alleged in the complaint, Plaintiff has
sufficiently alleged a failure to intervene claim against Sgt.
Sexton, Officer Hayes, and Officer Doe. These officers were
physically present at Plaintiff's cell at the time the
wheelchair and shower chair were taken, giving them a reasonable
opportunity to prevent the seizure. The claim shall be dismissed
as to defendants Ganesh, Warren, and Campos as there are
insufficient facts in the complaint for the Court to reasonably
infer that they had an opportunity to intervene at the time of
the alleged violations.

**F. Due Process**

Finally, Plaintiff alleges his due process rights were
violated. It is not clear what Plaintiff asserts the alleged
violation is; however, to the extent Plaintiff alleges he was

denied his due process rights due to the failure to respond to his grievances, the claim must be dismissed as "[a]ccess to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983." *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015).

The due process claim based on the failure to respond to grievances is dismissed with prejudice. If Plaintiff believes he has another due process claim, he may move to amend his complaint so as to more specifically set forth that claim. Fed. R. Civ. Pro 15.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice. Plaintiff's denial of medical care, and conditions of confinement claims shall proceed against Lt. Ganesh, Sgt. Sexton, Officer Hayes, and Officer Doe. His failure to intervene claim shall proceed against Sgt. Sexton, Officer Hayes, and Officer Doe only. The Equal Protection claim is dismissed without prejudice. All claims against defendants Warren and Campos are dismissed without prejudice, with the exception of the due process claim based on failure to respond to grievances.

14

An appropriate order follows.


_____
Date   May 12, 2016


_____
ANNE E. THOMPSON
U.S. District Judge