UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT SMALL,

            Plaintiff,

v.

CHARLES WARREN, *et al.*,

            Defendants.

Civ. No. 15-8886

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Vacate Default filed by Defendants New Jersey Department of Corrections, New Jersey State Prison, South Woods State Prison, Lieutenant Mervin Ganesh, Sergeant Carmen Sexton, Michael Ptaszenski, Willie Bonds, and William Hayes (collectively, "Moving Defendants"). (ECF No. 58.) Plaintiff Robert Small ("Plaintiff") opposes. (ECF No. 62.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is granted.

## BACKGROUND

This case arises from the treatment of Plaintiff, a prisoner at South Woods State Prison. (Am. Compl. ¶ 5, ECF No. 37.) Plaintiff has paraplegia, and alleges that he is being denied appropriate medical supplies in contravention of his constitutional and statutory rights. (*Id.* at 2.) Plaintiff filed a Complaint on December 28, 2015 (ECF No. 1) and an Amended Complaint on August 24, 2018. The Amended Complaint alleges violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12132 (Am. Compl. ¶¶ 71–75); retaliation in violation of the

1

ADA, 42 U.S.C. § 12203(a) (*id.* ¶¶ 76–79); violation of the Eighth Amendment (*id.* ¶¶ 80–90); and violation of the Fourteenth Amendment (*id.* ¶¶ 91–98).

Moving Defendants failed to timely answer the Amended Complaint. Consequently, on October 3, 2018 Plaintiff requested an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 56.) The Clerk entered default the next day. (ECF entry dated 10/04/2018.) While Moving Defendants' attorney concedes that he failed to timely file an answer, he states that he was awaiting authorization to represent other defendants so that he could file a single answer on behalf of all defendants that he would eventually represent. (O'Brien Cert. ¶ 11, ECF No. 58-1.) Prior to the entry of default, Moving Defendants had been actively litigating Plaintiff's Motion for Preliminary Injunction. (*See id.* ¶ 8.) On the day Plaintiff applied for default, Moving Defendants' attorney attempted to contact Plaintiff's attorney to secure his consent for more time to answer. (*Id.* ¶¶ 15, 17, 19–20.)

On October 11, 2018—one week after default had been entered—Moving Defendants moved for the Court to set aside the default. (ECF No. 58.) Plaintiff opposed (ECF No. 62) and Moving Defendants replied (ECF No. 63)—both on October 22, 2018.[1] This Motion is presently before the Court.

## **LEGAL STANDARD**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." The court must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756

---

[1] On October 24, 2018, Defendants University Correctional Health Care and Jennifer Farestad wrote a letter disputing a claim made in Moving Defendants' Reply Brief. (ECF No. 65.)

F.2d 14, 19 (3d Cir. 1985) (internal citations omitted). Defaults are generally disfavored, and "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *accord Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

## DISCUSSION

As to the first factor in the analysis—prejudice to Plaintiff—Plaintiff has not identified any cognizable prejudice he would suffer if the Court were to set aside default.

As to the second factor—whether a meritorious defense has been presented—Moving Defendants have attached an Answer similar to the one that would be filed if the default were lifted. (ECF No. 58-3).[2] The Answer denies the factual allegations that form the crux of Plaintiff's allegations. (*See, e.g.*, *id.* ¶¶ 16–19.) Because the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (quoting *Tozer*, 189 F.2d at 244), Moving Defendants have presented a meritorious defense.

Turning to the final factor—culpability of Moving Defendants' conduct—Moving Defendants' failure to answer the Amended Complaint does not rise to the level of "willfulness" or "bad faith" needed to constitute culpable conduct. *Hritz*, 732 F.2d at 1182. Rather, Defendants' conduct is better described as "excusable neglect" of the kind that justifies vacating default. *See* Fed. R. Civ. P. 60(b)(1); *Feliciano v. Reliant Tooling Co.*, 691 F.3d 653, 656 (3d

---

[2] Defendants have submitted what appears to be an answer to the initial Complaint (ECF No. 1), not the Amended Complaint. Obviously, after default is vacated Defendants will need to answer the latter rather than the former.

Cir. 1982) (stating that the circumstances justifying relief from judgment under Rule 60(b) also justify relief from an entry of default). Moving Defendants' counsel waited to answer the Amended Complaint so that he could file a single answer on behalf of all defendants he represented. While this is not an acceptable excuse for failing to timely respond, Defendants' intention was to streamline litigation rather than further complicate it, and this brings Defendants' decision closer to excusable neglect than willful or bad faith conduct. Additionally, Defendants' counsel participated in litigating the preliminary injunction and sought to vacate default one week after it was entered.

Because all three factors counsel setting aside the entry of default, and given the general policy disfavoring default, default entered against Defendants will be set aside.

## **CONCLUSION**

For the foregoing reasons, Moving Defendants' Motion to Vacate Default is granted. An appropriate order will follow.


Date:  12/3/2018                                             */s/ Anne E. Thompson*
                                                            ANNE E. THOMPSON, U.S.D.J.