NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT SMALL,

        Plaintiff,

v.

CHARLES WARREN, *et al.*,

        Defendants.

Civ. No. 15-8886

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Strike Affirmative Defenses from the Answer to the Amended Complaint, filed by Plaintiff Robert Small ("Plaintiff"). (ECF No. 64.) Defendants University Correctional Health Care and Jennifer Farestad (collectively, "Respondent Defendants") oppose, and file a Cross Motion to Compel Plaintiff to Waive Claims With Prejudice. (ECF No. 67.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion to Strike is granted in part and denied in part, and Respondent Defendants' Cross Motion to Compel Waiver is denied.

## BACKGROUND

This case arises from the treatment of Plaintiff, a prisoner at South Woods State Prison. (Am. Compl. ¶ 5, ECF No. 37.) Plaintiff has paraplegia, and alleges that he is being denied appropriate medical supplies in contravention of his constitutional and statutory rights. (*Id*. at 2.) Plaintiff filed a Complaint on December 28, 2015 (ECF No. 1) and an Amended Complaint on August 24, 2018. The Amended Complaint alleges violation of the Americans with Disabilities

Act (the "ADA"), 42 U.S.C. § 12132 (Am. Compl. ¶¶ 71–75); retaliation in violation of the ADA, 42 U.S.C. § 12203(a) (*id*. ¶¶ 76–79); violation of the Eighth Amendment (*id*. ¶¶ 80–90); and violation of the Fourteenth Amendment (*id*. ¶¶ 91–98).

On October 2, 2018, Respondent Defendants filed their Answer to the Amended Complaint. (ECF No. 55.) The Answer either admits or denies each allegation complained in the Amended Complaint, and additionally includes thirty-four "Separate Defense[s]." (*Id.*) The Separate Defenses aver good faith on the part of Respondent Defendants (Separate Defense Nos. 1, 9, 10, 26) and a lack of willful misconduct (No. 11) and deliberate indifference (No. 30). They also allege failure to state a claim. (Nos. 2, 4, 29.) They assert defenses under the New Jersey Tort Claims Act (the "NJTCA"), N.J.S.A. § 59:1-1, *et seq.* (Nos. 6–8, 12, 13, 15, 18); the New Jersey Charitable Immunity Act, N.J.S.A. § 2A:53A-7 (No. 5); the Affidavit of Merit Statute, N.J.S.A. § 2A:53a-27 (No. 32); the New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.9 (No. 33); and N.J.S.A. § 30:4–16 *et seq.* (No. 27). They claim "all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995" (No. 28) and specifically failure to exhaust administrative remedies (No. 3). The Separate Defenses include those typically associated with negligence actions, including a lack of duty and a lack of proximate cause. (Nos. 22–25.) They state that Plaintiff is not entitled to punitive or exemplary damages or interest on monetary damages. (Nos. 16, 17.) They cite statutes of limitations as well as waiver, laches, and "collateral estoppel and/or equitable estoppel." (Nos. 14, 19–21.) And two Separate Defenses reserve the right to assert more defenses in the future. (Nos. 31, 34.) None of the Separate Defenses assert facts to support their legal arguments.

On October 23, 2018, Plaintiff moved to strike various defenses asserted in the Answer. (ECF No. 64.) Respondent Defendants opposed the Motion on November 5, 2018. (ECF No. 64.)

This Opposition included a Cross Motion to require Plaintiff to waive with prejudice any claims not asserted in the First Amended Complaint. (*Id.*) The Court ordered that it would entertain no further briefing on the Motion and Cross Motion (ECF No. 69), though Plaintiff noted for the record his opposition to the Cross Motion (ECF No. 71). The Motion and Cross Motion are presently before the Court.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike . . . are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citing *River Road Devel. Corp. v. Carlson Corp.*, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). A defense may be struck only if its insufficiency is "clearly apparent." *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (internal citations omitted). "A Rule 12(f) motion is not meant to determine unclear or disputed questions of law." *FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (citing *In re Sunrise Sec. Litig.*, 818 F. Supp. 830, 840 (E.D. Pa. 1993); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991)). A district court has "broad discretion" in determining whether striking a defense is appropriate. *Disability Rights N.J., Inc. v. Velez*, 2011 WL 4436550, at *2 (D.N.J. Sept. 23, 2011) (citing *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007)).

## DISCUSSION

### I. Defenses That Are Redundant or Too Vague to Provide Notice Will Be Struck

Respondent Defendants' Answer is not a model of brevity or clarity. Many of its Separate Defenses are redundant, many are vague, and many are seemingly irrelevant to this case.

3

Nevertheless, "[t]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002). Under this standard of notice pleading, the Court will strike only those defenses that are clearly redundant or are so vague as to provide Plaintiff inadequate notice of the defense asserted.

First, Respondent Defendants raise good faith as a defense four separate times. (*Compare* Separate Defense No. 1 ("Defendants acted in good faith and without fraud or malice."), *with* No. 9 ("Defendants are not liable for acts taken in good faith."), *and* No. 10 ("Defendants are not liable for acts taken in good faith in the enforcement of any law . . . ."), *and* No. 26 ("Defendants acted in good faith . . . .").) Because these are redundant, the Court strikes all but the first of these Separate Defenses.

Second, three Separate Defenses allege, in effect, failure to state a claim. (*Compare* Separate Defense No. 2 ("Defendants did not deprive Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the United States."), *with* No. 4 ("Plaintiff's [Amended] Complaint fails to state a cause of action . . . ."), *and* No. 29 ("Plaintiff has failed to allege any facts which support a claim(s) under the federal or state constitutions, or under any federal, state, or local statutes or regulations.").) The Court retains the most expansive of these defenses (No. 4) and strikes the rest.

Third, Respondent Defendants twice reserve the right to amend their Answer and assert more affirmative defenses. (Separate Defense Nos. 31, 34.) Leaving aside the question of whether such a reservation of rights has any legal effect, redundancy is unnecessary, so the latter of these Separate Defenses is struck.

4

Additionally, two defenses alleged are too vague to provide Plaintiff with adequate notice of what is being alleged. The Twenty-Seventh Separate Defense states, "Defendants are immune from civil liability for any damages sought by Plaintiff pursuant to N.J.S.A. § 30:4-16 *et seq.*" Respondent Defendants cannot point to a broad swath of statutory sections and then simply claim "immunity." If Respondent Defendants wish to claim immunity based on a particular section or subsection, they should state that plainly rather than send Plaintiff to hunt through New Jersey state law. This defense is struck for vagueness.

Similarly, the Twenty-Eight Separate Defense asserts "all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995." The Prison Litigation Reform Act is a lengthy piece of legislation codified in scattered sections throughout the U.S. Code. Claiming "all affirmative defenses" in that law does not provide Plaintiff with fair notice of the defenses that he will need to confront in this case. This defense, therefore, is struck.

However, the Court will not strike any other Separate Defenses on the grounds of vagueness, including those that summarily cite "applicable Statutes of Limitations," "waiver," "laches," and "collateral estoppel and/or equitable estoppel." (Separate Defense Nos. 14, 18–21.) While these defenses provide no further specificity, Plaintiff is sufficiently on notice of what these affirmative defenses entail. Plaintiff can examine the relevant statutes of limitations and research these legal doctrines to determine how they might apply to this case.

Plaintiff argues that several of the defenses raised—namely those arising under the NJTCA and the Charitable Immunity Act (Separate Defense Nos. 5–8, 12, 13, 15, 18)—do not apply to the constitutional and statutory causes of action alleged in the Amended Complaint.

However, Plaintiff cites no binding precedent demonstrating that these defenses do not apply,[1] so the insufficiency of these defenses is not "clearly apparent." *Cipollone*, 789 F.2d at 188. Moreover, these Separate Defenses cite specific statutory sections, putting Plaintiff on notice of the relevant law that Respondent Defendants seek to apply. The Court will therefore allow these defenses to remain.

Several of the Separate Defenses appear to be better suited to a negligence claim than the constitutional and ADA claims alleged in the Amended Complaint. (Nos. 22–25.) But these defenses may still be applicable in an oblique way, and so are not so clearly insufficient to merit striking. For example, the Twenty-Third Separate Defense alleges that "[a]ny and all damages suffered by Plaintiff were due to Plaintiff's own negligence or that of third parties over whom Defendants had no control." Although this defense is phrased in the language of tort and agency law, it raises the plausible defense that any harm done to Plaintiff was of Plaintiff's own making, or the making of some third party. The Twenty-Fourth Defense alleges a lack of proximate cause, which is at least plausibly relevant to a § 1983 action where a plaintiff must prove that a "person . . . subject[ed]" him or "*cause[d] [him]* to be subjected . . . to the deprivation of . . . rights, privileges or immunities." (emphasis added) The Court will not strike these defenses.

Finally, Plaintiff argues that many defenses should be struck because they do not plead sufficient facts or demonstrate how the defenses alleged are grounded in law. But returning to the standard of notice pleading, *see Robinson*, 313 F.3d at 134–35, the remaining defenses, bare as

---

[1] Plaintiff cites to cases holding that the NJTCA's notice provision, N.J.S.A. § 59:8-8, does not apply to actions brought under 42 U.S.C. § 1983; *Schneider v. Simonini*, 749 A.2d 336, 355–56 (N.J. 2000); *Fuchilla v. Layman*, 537 A.2d 652, 661 (N.J. 1988); or the ADA; *Forcella v. City of Ocean City*, 70 F. Supp. 2d 512, 514 (D.N.J. 1999). But the Answer does not assert defenses under the notice provision, and Plaintiff has not presented the Court with legal authority showing that any other NJTCA provisions do not apply to § 1983 or ADA claims.

they may be, provide Plaintiff with sufficient notice of the defenses that Respondent Defendants wish to raise.

## II. Respondent Defendants' Cross Motion to Compel Waiver Is Denied

According to Respondent Defendants, Plaintiff may seek to amend the Amended Complaint as more facts are revealed during discovery, and that this will lead to "a perpetual cycle of applications [by Respondent Defendants] to the Court to amend [the Answer] each time [P]laintiff interpose[s] new facts or claims." (Def.'s Br. at 9, ECF No. 67-1.) Respondent Defendants therefore move the Court to head this problem off at the pass by requiring Plaintiff to waive with prejudice any claims other than those asserted in the First Amended Complaint.

Respondent Defendants do not cite to, and the Court is not aware of, any legal authority that would support this kind of order. In fact, such an order would contradict the Court's obligation to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondent Defendants' Cross Motion is therefore denied.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is granted in part and denied in part, and Respondent Defendants' Cross Motion to Compel Waiver is denied. An appropriate order will follow.

Date:  12/3/2018                                    */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J.